

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00201-CR

KALEB ALANIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-0931, Honorable Douglas H. Freitag, Presiding

June 2, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Kaleb Alaniz, was convicted by a jury of the offense of indecency with a child by sexual contact.[1]  Appellant was sentenced to twenty years' incarceration in accordance with the jury's verdict.  By one issue, Appellant contends that the trial court abused its discretion in failing to grant his challenge for cause to a member of the venire. We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1).

BACKGROUND

Because Appellant's sole issue challenges the trial court's denial of Appellant's challenge for cause to one venire member, we will address only those facts relevant to the issue before us.

During voir dire, the trial court overruled Appellant on two major objections: his objection to the entire jury panel and challenge for cause to panel member #27, Mr. Wilson.[2]  Wilson is an investigator with the Texas Department of Public Safety.  During Appellant's voir dire, Wilson responded affirmatively to a question asking whether he would "almost always" believe a member of law enforcement.  Wilson was subsequently called to the bench for individual questioning.  During this questioning, Wilson was asked if he can "start law enforcement off at the same level as every other witness," to which he responded, "yes."   He was also asked, "when a police officer . . . walk[s] into this courtroom before they take the stand are you starting them off at any different level than any other witness?"  To this question, Wilson responded, "No."  Following this exchange, the trial court said, "I'm going to deny [Appellant's challenge for cause of Wilson] based on his full answer.  I mean, he testified he typically outside believes officers, but he can follow the instruction here and treat them just like any other witness."  The trial court overruled Appellant's challenge for cause, which Appellant contends was an abuse of discretion.

## PRESERVATION OF ERROR

"To preserve error on denied challenges for cause, an appellant must demonstrate on the record that: 1) he asserted a clear and specific challenge for cause; 2) he used a

---

[2] The record does not reflect the challenged venire member's first name.

peremptory challenge on the complained-of venireperson; 3) all his peremptory challenges were exhausted; 4) his request for additional strikes was denied; and 5) an objectionable juror sat on the jury." *Sells v. State*, 121 S.W.3d 748, 758 (Tex. Crim. App. 2003). In the present case, the record reflects that Appellant asserted a clear and specific challenge for cause on Wilson, used a peremptory challenge on Wilson, exhausted all his peremptory challenges, requested an additional strike, and identified an objectionable juror who sat on the jury. Thus, we conclude that Appellant preserved his claim of error relating to the trial court's denial of his challenge of Wilson for cause.

## LAW AND ANALYSIS

A prospective juror may be challenged for cause if he or she has a bias or prejudice against the defendant or law upon which either the state or defense is entitled to rely. *Muhammad v. State*, No. AP-77,021, 2015 Tex. Crim. App. Unpub. LEXIS 849, at *17–18 (Tex. Crim. App. Nov. 4, 2015) (not designated for publication) (citing TEX. CRIM. PROC. CODE ANN. art. 35.16(a)(9), (c)(2)). The test is whether the prospective juror's bias or prejudice would substantially impair his ability to carry out his duties in accordance with his instructions and oath. *Tracy v. State*, 597 S.W.3d 502, 512 (Tex. Crim. App. 2020). The bias or prejudice need not be established with "unmistakable clarity." *Muhammad*, 2015 Tex. Crim. App. Unpub. LEXIS 849, at *18. However, before a prospective juror may be excused for cause due to bias or prejudice, the law must be explained to him and he must be asked whether he can follow the law regardless of his personal views. *Tracy*, 597 S.W.3d at 512. The proponent of the challenge for cause bears the burden of establishing that the venire member understood the requirements of the law but could not overcome his prejudice enough to follow the law. *Id.*

3

We review a trial court's ruling on a challenge for cause under a clear abuse of discretion standard. *Hudson v. State*, 620 S.W.3d 726, 731 (Tex. Crim. App. 2021). We review the ruling with considerable deference because the trial court is in the best position to evaluate a potential juror's demeanor and responses. *Id*. Particular deference should be accorded when a prospective juror's answers concerning his ability to follow the law are vacillating, equivocating, ambiguous, unclear, or contradictory. *Id*.

By his sole issue, Appellant complains of the trial court's failure to grant his challenge for cause to venire member Wilson. Wilson is a law enforcement officer and indicated, in response to a direct question, that he would "almost always" believe a member of law enforcement. However, when Wilson was asked whether he "can follow that law and start law enforcement off at the same level as every other witness," he responded that he could. This statement affirmatively establishes that Wilson understood the requirements of the law and could overcome his prejudice enough to follow it. *See Tracy*, 597 S.W.3d at 512 (proponent of challenge must establish that venire member could not overcome prejudice enough to follow law). Further, in overruling the challenge for cause, the trial court stated, "I'm going to deny it based on his full answer. I mean, he testified he typically outside believes officers, but he can follow the instruction here and treat them just like any other witness." We are mindful of the considerable deference we are to give the trial court as it is in the best position to evaluate a potential juror's demeanor and responses. *Hudson*, 620 S.W.3d at 731. We conclude that the trial court did not clearly abuse its discretion in denying Appellant's challenge of Wilson for cause and, therefore, overrule Appellant's sole issue.

4

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.